**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Alerte Congolaise pour l'Environnement et les Droits de l'Homme<br>*and*<br>Actions pour la Promotion et Protection des Peuples et Espèces Menacés<br>*Petitioners*,<br><br>v.<br><br>Symbion Power LLC<br>*Respondent*. | Miscellaneous Case No. 1:25-mc-480-PAE |

**PROTECTIVE ORDER**

The Court **ORDERS** that the following restrictions and procedures apply to certain information, documents, and excerpts from documents that the Parties produce during the course of this action. This Protective Order is made under Rule 26(c) of the Federal Rules of Civil Procedure.

This Protective Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished in response to discovery demands as authorized by this Court in its Opinion & Order dated July 27, 2026 (ECF Dkt. No. 22) in this action, if and when the documents are designated as Confidential Information in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

1. “Confidential Information” shall mean all documents and testimony, and all information contained therein, and other information designated as Confidential Information, if such documents or testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Disclosing Party or, as appropriate, non-party designating the material as Confidential Information, be detrimental to the conduct of that Disclosing Party’s or non-party’s business or the business of any of that Party’s or non-party’s customers or clients.

2. The Disclosing Party that designates information or items as Confidential Information under this Protective Order must take reasonable care to limit any such designation to specific material that qualifies under the applicable standards. Such designation constitutes a representation by the producing party that, based on a good faith and reasonable inquiry, the material qualifies for protection under the applicable standards.

3. The party making such designation must stamp the documents or information with “**CONFIDENTIAL INFORMATION**” or “CONFIDENTIAL”. For documentary information the Disclosing Party must affix the legend “CONFIDENTIAL INFORMATION” or “CONFIDENTIAL” to each page that contains protected material. If Confidential Information is disclosed at a deposition, the Disclosing Party may designate the information on the record during the taking of any testimony and/or make the designation no later than fourteen days after the parties receive the deposition

transcript. Any designation, even if made on the record at the deposition, must be made in writing designating specific pages and lines of deposition testimony within fourteen days after the parties receive the deposition transcript. Upon such designation, all parties must treat such document or information as Confidential Information. The Receiving Party must not use or disclose any information from a deposition in this Action until the Disclosing Party has reviewed the transcript of said deposition and provided the Receiving Party with the designation of Confidential Information contained in the transcript.

4. Unless otherwise ordered by the Court or provided for in this Order, any party receiving Confidential Information must not disclose the information or document to any other person, except as set out in this Protective Order.

5. Except as expressly set forth herein, nothing in this Order shall impair any party's right to challenge, by motion or otherwise, a Disclosing Party's designation of confidentiality or assertion of a privilege with respect to any discovery material, nor shall anything in this Order limit the right of any party to petition the Court for an in camera review of the Confidential Information. Further, nothing in this Order shall impair any party's right to seek any further Order of the Court under the Federal Rules of Civil Procedure.

6. The parties must make a good faith effort to resolve any challenge to another party's confidentiality designation. The Receiving Party will provide written notification to the Disclosing Party regarding the challenge to the designation, and the parties will meet and confer within fourteen (14) days of that notice. The challenging

party may seek resolution by the Court only in the absence of agreement. This Protective Order shall not alter the burden of proof in any such proceeding.

7. Information or documents designated as Confidential Information or Confidential must not be disclosed to any person without the written consent of the Disclosing Party, except to:

a. The Receiving Party, including their employees, consultants, and experts.

b. The Receiving Party's counsel, including counsel in this action and in litigation in DRC related to the award of the Makelele gas block to Symbion Power LLC, and employees of such counsel, as well as other attorneys or research staff, under the direct supervision of such counsel, vendors and persons who are engaged to photocopy documents or copy electronic files, provide technical litigation support, translation services, or provide messenger or other administrative support services in this action and in litigation in DRC related to the award of the Makelele gas block to Symbion Power LLC;

c. Any person from whom testimony is taken or is to be taken in this matter or litigation in DRC related to the award of the Makelele gas block to Symbion Power LLC, but such a person may only be shown Confidential Information during and in preparation for testimony and may not retain the Confidential Information;

d. A U.S. Court, including any clerk, stenographer, court reporter, or other person having access to Confidential Information by virtue of his or her position with the Court.

8. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraph 7, the Receiving Party, or its counsel, must:

a. Inform the person of the confidential nature of the information and documents; and

b. Inform the person that this Court has enjoined the use of the information or documents for any purpose other than as stated in this Order and has enjoined the disclosure of that information or documents to any other person.

c. Require that the person agree to the terms of this Protective Order.

9. Nothing in this Order will prevent any party from relying on, using or submitting Confidential Information in litigation in DRC related to the award of the Makelele gas block to Symbion Power LLC, provided that the Receiving Party:

a. will use its reasonable best efforts to restrict the public disclosure of the Confidential Information and keep such information confidential, including but not limited to filing any and all such Confidential Information under seal in the DRC Court;

b. shall coordinate with Respondent's counsel in good faith to redact sensitive information from the Confidential Information, including personally identifying information and sensitive commercial information, including, without limitation, names, dates, addresses and any other information the disclosure of which may, in the Disclosing Party's reasonable opinion, cause harm to the business of Symbion and its affiliates or threatens the physical safety or security of their personnel, prior to submission or use of such Confidential Information in any litigation. This agreement is not a concession that sensitive information must be withheld from the DRC court under Rule 26(c). In the event of disagreement between the Parties on redactions, the Parties shall meet and confer in an attempt to resolve the dispute or narrow the disagreement. Should the Parties be unable to reach an agreement on redactions of sensitive information through the meet and confer process, the Receiving Party, after the meet and confer process, shall notify Respondent that it wishes to submit unredacted information that Respondent has identified as sensitive in the DRC litigation. Respondent shall then submit an application to the Court within fourteen (14) days of the notification, explaining Respondent's reasons and seeking a ruling from the Court on the appropriate scope of protection under Rule 26(c), and the Receiving Party shall submit a response within five (5) days. For the avoidance of doubt, where the Disclosing Party has requested redaction of sensitive information, the Receiving Party may not use the Confidential Information in the DRC litigation or otherwise disclose the Confidential Information until this Court has issued a ruling resolving the dispute; and

c. prior to using or submitting any of a Disclosing Party's Confidential Information in a filing, at trial or at a hearing, or in any other manner in which such Confidential Information could be publicly disclosed, the receiving party will provide the producing party at least fourteen (14) calendar days written notice. This notice shall identify the specific

Confidential Information that the receiving party seeks to use, so that the Disclosing Party will have the opportunity to apply to the court or the foreign tribunal for an order to restrict public disclosure of such Confidential Information.

10. The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to later designate such document or information as Confidential Information.

11. The foregoing is without prejudice to the right of any party to apply to the Court for an order to:

a. Further protect Confidential Information;

b. Seek protection regarding the production of documents or information;

c. Compel production of documents or information;

d. Modify this Order.

12. Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of privileged or work-product material shall not constitute a waiver in this or any other proceeding. Upon written notice, the Receiving Party shall promptly return, sequester, or destroy all copies and shall not use or disclose the information until the claim is resolved.

13. If a Receiving Party is served with a duly authorized subpoena, demand, or court order to produce Confidential Information produced subject to this Protective Order, it shall promptly notify the Disclosing Party and provide a copy of said demand. The Receiving Party shall delay production of the material to the extent permitted by the demand or court order, to give the Disclosing Party has had a reasonable opportunity to seek protection.

14. All obligations regarding the use and disclosure of Confidential Information survive the final disposition of this action and any litigation in the Democratic Republic of Congo or elsewhere related to the award of the Makelele gas block to Symbion Power LLC.

15. The parties have agreed that unauthorized disclosure of Confidential Information may cause irreparable harm for which monetary damages are inadequate; this Court or any other court of competent jurisdiction may grant injunctive relief, including temporary restraining orders and preliminary injunctions, without the necessity of posting a bond.

16. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party maintains its right to object to the use or admissibility of all Confidential Information pursuant to applicable laws and rules.

17. Any party may enforce this Order by motion to the Court.

It is SO ORDERED.

Signed on __August 25, 2026_________.

Paul A. Engelmayer

**PAUL A. ENGELMAYER**
**UNITED STATES DISTRICT JUDGE**